

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DCP:SCJ
F. #2017R01691

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 9, 2019

By Hand and ECF

The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Avraham Tarshish
                   Criminal Docket No. 19-408 (MKB)

Dear Judge Brodie:

        The government respectfully submits this letter in anticipation of the December 10, 2019 bond violation court appearance to request that the defendant Avraham Tarshish's bond be revoked and that Tarshish be ordered detained pending trial.  As set forth below, Tarshish has violated a number of his existing bond conditions, including by failing to comply with the terms of his home confinement and refusing to provide the United States Pretrial Services Agency ("Pretrial Services") with required financial information.

        Furthermore, the government respectfully submits that representations from defense counsel about Tarshish's travel and employment activities should not be sufficient verification for Pretrial Services.  It appears that defense counsel relies on Tarshish when making such representations and, as is clear from the initial Pretrial Services Report and the bond violation report, Tarshish has lied to Pretrial Services on numerous occasions since he was arrested.

## I.    Background

        Tarshish, along with Iskyo Aronov, Michael Konstantinovskiy, Tomer Dafna and Michael Herskowitz, were indicted by a federal grand jury on September 6, 2019, and charged with participating in a conspiracy to commit wire and bank fraud and substantive wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343.  The charges arose out of the defendants roles in a mortgage fraud scheme, described in the Indictment at the "Short Sale Scheme."

The Short Sale Scheme involved a conspiracy to defraud mortgage loan note holders (the "lenders") and certain borrowers (collectively, the "Short Sale Victims") by providing them with false, misleading and incomplete information to induce them to execute short sales at fraudulently depressed prices, thereby causing losses to the lenders and, at times, the borrowers. The charged defendants and a number of other individuals (collectively, the "Short Sale Co-Conspirators"), worked both together and separately to purchase hundreds of properties at fraudulently depressed prices and then resell or "flip" the properties for large profits.

As described in the Indictment, typically the real estate properties that were purchased in the short sale transactions were purchased by the Short Sale Co-Conspirators under the name of a limited liability corporation. The limited liability corporations ("LLCs") were incorporated by a number of different people, including attorneys, and there may be no reference to a particular defendant or his business or home address in the publicly available documents even if the defendant is the ultimate owner of the LLC, which makes identifying all the transactions involved in the scheme difficult.

## II. Arrest and Prior Detention Hearings

Tarshish was arrested at John F. Kennedy Airport on September 10, 2019.[1] At his initial arraignment, an order of detention was entered with leave to apply for release at a later date. In a letter dated September 23, 2019 (ECF No. 44), the government opposed releasing Tarshish on the grounds that he is a flight risk. Among other things, and as noted in the report prepared by Pretrial Services, Tarshish is a citizen of Israel and he is not in the United States legally. Tarshish, who is approximately 40 years old, entered the United States in 2009, when he was approximately 30 years old, on a B2 visitor's visa, which expired in April 2010. Regardless of conviction, Tarshish will likely be deported at the conclusion of this case. Should Tarshish decide to flee to Israel prior to trial, extraditing Tarshish may not be possible.[2]

Tarshish also retains strong ties to Israel. Tarshish lived in Israel until he was approximately 30 years old, and he reported to Pretrial Services that both his parents and all of his siblings still live in Israel. While Tarshish has married two different United States citizens over the last decade, and is currently married to one of them, Tarshish has described his relationships with both his current and ex-wife as

---

[1] While Tarshish's children appear to live in Florida, prior to and after his arrest, Tarshish has been flying between Miami, Florida, and New York, New York on an almost weekly basis.

[2] While the United States does have an active extradition treaty with Israel, the Department of Justice Office of International Affairs believes that extradition in a fraud case such as this is not guaranteed, particularly for an Israeli citizen.

2

unstable. Tarshish reported an on-going relationship with the mother of his four children, who are all under the age of 8. However, the mother of Tarshish's children also does not have any legal status in this country.

After his arrest, Tarshish also told Pretrial Services that despite having monthly costs that exceed $9,000 per month, he has been unemployed for the last two years, he has no income, no assets, and he is facing eviction from his Queens residence, which he told both the arresting officers and Pretrial Services was his primary address. Nevertheless, agents determined that Tarshish, his children, and their mother live in a luxury condominium development in Aventura, Florida. At his initial appearance, defense counsel indicated that, were he released, Tarshish expected to live with his children and their mother in Florida, which is inconsistent with what he told Pretrial Services.

In addition, at the time of his arrest, Pretrial Services determined that there were more than $1,200,000 in outstanding judgments against Tarshish, the bulk of which appear to relate to unpaid state and federal taxes. However, shortly after the defendants were arrested, a civil judgment for over $9 million was entered against both Tarshish and Dafna on September 18, 2019 in New York Supreme Court, County of Kings, in <u>485-497 Ninth Ave. Partners LLC, et al. v. Tomer Dafna and Abraham Tarshish</u>, Index No. 520316/2019, based on a Confession of Judgment that each signed in September 2016.

All the above indicated that Tarshish has unknown financial resources, an unstable living situation, a lack of employment ties and strong incentives to flee. Accordingly, following Tarshish's arrest, the government argued that Tarshish was a flight risk and moved for this detention pending trial.

## III. The Current Bond Conditions

Over the government's objection, on or about September 24, 2019, the Court approved an appearance bond in the amount of $1.5 million which is secured by the signatures of four people, including a rabbi based in Florida, and two pieces of property, including one investment property and one primary resident, both owned by the same two suretors. None of the suretors are related to Tarshish, two of the suretors have known Tarshish for seven or eight years and the others have known him for a period of time less than that. Also, none of the suretors have an income that could realistically secure a $1.5 million bond and what little income two of the suretors do have appears to be related to one of the two properties that are secured as collateral.

As part of his bond conditions, among other things, Tarshish is required to report to Pretrial Services as directed, he is subject to home detention with location monitoring ("GPS") with leave permitted for court appearances, medical treatment, attorney visits, employment and other activities, including attending religious services, as approved by Pretrial Services. Tarshish's travel is restricted to New York

3

City, Long Island and Florida, and he is subject to random home/employment visits. Tarshish is required to provide monthly reports to the court regarding his real estate transactions.

## IV. The Bond Violations

Tarshish has violated a number of the bond conditions. First, as noted in the bond violation report, Tarshish has blatantly violated the bond condition of home confinement. On over a dozen occasions, after obtaining permission to attend religious services, Tarshish has gone to places that are unrelated to religious services and not approved by Pretrial Services, including a shopping mall, the beach, swimming pools and hotels. While defense counsel represented to the Court on December 3, 2019 that Tarshish may have had employment-related meetings during some of these outings, Pretrial Services has indicated that Tarshish only had permission to attend religious services during the instances listed in the bond violation report. Furthermore, even ignoring that Tarshish did not have permission to leave his home for business meetings, many of these outings occurred on Thanksgiving (11/28/19), the day after Thanksgiving (11/29/19) or on the weekend (11/16, 11/30, 12/1), unlikely times for a business meeting.

Also, as noted in the bond violation report, Tarshish has made almost weekly multi-day "work" trips to New York but has failed to disclose to Pretrial Services the specific details about these trips or to what employment they relate. As discussed above, Tarshish is primarily in the real estate field, but has not provided detail on why he needs to travel to New York. On December 3, 2019, defense counsel represented to the Court that: (1) no real estate transactions have been completed by Tarshish since his arrest; and (2) defense counsel indicated she had exchanged e-mails with Pretrial Services about these trips. According to Pretrial Services, however, for only two of those trips did defense counsel e-mail Pretrial Services to confirm that Tarshish had met with defense counsel, but that no other information was provided to Pretrial Services about what Tarshish was doing in New York during these trips other than, on occasion, that he would be at one or two specific locations for "work."

In fact, Pretrial Services informed the government that although Tarshish is required, for both Florida and New York, to obtain Pretrial Services' advance approval to go to specific addresses as to where he has employment-related matters and to provide information about where he will be staying, Tarshish has not been providing any such information during his trips to New York, including lodging information.

For example, Pretrial Services informed that the government that on November 20th, Tarshish's partner emailed Tarshish's Pretrial Services Officer that Tarshish: (1) had a meeting at one address in Brooklyn at 10:00am for "work;" (2) a meeting at noon with his attorneys at their office in Manhattan, and (3) another meeting in Manhattan at 6:00pm for "work." No other information was provided

4

about these "work" meetings. GPS data indicated that Tarshish was at the third location until approximately 11:30pm, and then traveled to another location, not provided to Pretrial Services, in Queens after midnight. In sum, Tarshish tells Pretrial Services he is going to New York "for work," and then proceeds to travel freely around New York City at all hours without providing the required information or verification to Pretrial Services. For his most recent trip to New York, Tarshish provided Pretrial Services with only his flight information, and no information about where he would be staying or where he would be going during the day.

Second, Pretrial Services told the government that Tarshish has not provided any required information to Pretrial Services about his income since his arrest. Despite having no reported income, no reported assets and, apparently, no real estate business that he can complete, Tarshish previously reported of having monthly expenses of over $9,000 per month, he has retained counsel, flies to New York almost weekly, and, when supposedly going to religious services, has been to the Aventura Mall (11/12/19, 11/13/2019, 11/15/19), the Trump Hotel Pool and the beach (11/29/19, 11/30/19), the Village at Gulfstream Park/Gulfstream Park Racing and Casino (12/1/19), the Fontainbleau Hotel (12/1/19), Nikki Hotel (12/1/19) and Soho Asian Bar and Grill (12/1/19), all of which suggest that Tarshish has disposable income that he has not disclosed. In addition, the Pretrial Services Officer stated that during her last home visit, Tarshish said that he had earned no income for the month of November, but she noted that he had a work crew present remodeling his patio/pool deck.

## V.     A Permanent Order of Detention Is Appropriate

For all the reasons discussed in the government's prior letter opposing bail dated September 23, 2019 and the defendant's blatant disregard of the bond conditions set by the Court, a permanent order of detention is appropriate. Tarshish clearly ignores home detention and the strict reporting requirements and instead travels wherever and whenever he pleases, including under the auspices of religious services. Furthermore, Tarshish's willingness to claim that he is attend religious services as a pretense to do other things also demonstrates that Tarshish's rabbi, an important suretor on his bond, may not have the moral suasion over Tarshish that the rabbi and the Court presumed that he did. Moreover, Tarshish's refusal to provide Pretrial Services with the required financial disclosures, coupled with prolific spending, indicates that Tarshish has extensive unexplained wealth. Taken together, Tarshish's blatant disregard for these very important bail conditions demonstrate that Tarshish remains a flight risk and should be detained pending trial.

5

**VI.     Conclusion**

For the reasons set forth above, the government respectfully requests that Your Honor enter a permanent order of detention for Avraham Tarshish.

Respectfully submitted

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
Shannon C. Jones
Assistant U.S. Attorney
(718) 254-6379

cc: Kathleen Cassidy, Esq.