# Necheles Cassidy LLP
ATTORNEYS AT LAW

10 East 40th Street, 48th Floor
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

August 27, 2020

Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Avraham Tarshish,* 19-cr-408 (MKB)

Dear Judge Brodie:

      I write to clarify a few points in response to Officer Moore's bail violation memorandum regarding Mr. Tarshish dated August 20, 2020. As the Court permitted at our last appearance on June 26, 2020, Mr. Tarshish stayed in New York since that date because he has been working on real estate matters in New York City and it was impractical for him to travel back and forth to Florida given the governor's quarantine order. Instead, he brought his family to New York City to stay with him for the month of July. As the Court ordered on June 26, he is subject to a 10 pm to 6 am curfew.

      During the time that Mr. Tarshish's partner and their four children were in New York City with Mr. Tarshish in July, they were staying for most of that time in one location – an AirBNB in Manhattan. They obtained the AirBNB after Officer Moore requested that counsel ask Mr. Tarshish to try to obtain a longer term residence because it would make supervision easier. Mr. Tarshish and his family stayed in the AirBNB from July 12 to 24, after which time his partner and children returned to Florida (on July 28) because it proved difficult for all of them to live in a temporary residence in New York City and the children needed to go home in order to prepare to resume online school in early August.

      Officer Moore informed the Court in the bail violation memorandum that there were several occasions when Mr. Tarshish arrived late for his curfew. Officer Moore provided me with the dates of several occasions in July when Mr. Tarshish arrived at his temporary location between 15 and 50 minutes late. Most of these instances occurred while Mr. Tarshish and his family were staying at the AirBNB in Manhattan in Midtown East. He was not taking public

transportation due to the coronavirus pandemic, and in July 2020, large public protests routinely snarled traffic to and in Manhattan, resulting in his arriving late to the AirBNB on three occasions according to the data provided by Pretrial.  On one occasion, the date when Mr. Tarshish was 50 minutes late to his residence according to Pretrial, he had emailed the Electronic Monitoring Unit at 4:51pm letting them know that it was a Jewish holiday on which he had fasted since the previous day and would be at synagogue until 9:30pm, and asking permission to arrive back at the hotel an hour late so that he could eat after the religious fast and services were done.  No one responded to the email and Mr. Tarshish arrived at the residence at 10:50pm.  Afterward, Officer Moore told Mr. Tarshish that he cannot email the Electronic Monitoring Unit and ask for permission to stay out past his curfew, and he has since complied with this instruction.

Officer Moore also objects that Mr. Tarshish is moving frequently and asks the Court to order him to obtain stable housing.  One reason Mr. Tarshish has been moving locations frequently is that in order to be able to observe his religious obligations on Fridays through Saturdays in the summer (when sundown occurs late in the evening) he needs to be located in a residence for that time period where he can walk to and from synagogue on Shabbat while still getting home by his 10 pm curfew.  Regardless, Mr. Tarshish has informed Pretrial Services that he is returning to Florida tomorrow, where he will be living at home with his family and there will be no issue of temporary housing.  I understand from Officer Moore that upon his return to Florida, courtesy supervision in Florida will be arranged.

Respectfully submitted,

/s/

Kathleen E. Cassidy

cc:    AUSAs Shannon Jones and John Vagelatos
       Pretrial Services Officer Ramel Moore
       Electronic Monitoring Unit (emunit@nyept.uscourts.gov)